1

2                        **UNITED STATES DISTRICT COURT**

3                       **NORTHERN DISTRICT OF CALIFORNIA**

4                              **OAKLAND DIVISION**

5

6                                                    No.  C 06-4371 SBA
   KARLA FERNANDEZ, et al.,
7                                                    **ORDER**
                   Plaintiffs,
8                                                    [Docket Nos. 65, 67, 68, 69, 70, 76, 77]
      v.
9
   TASER INTERNATIONAL, INC.,
10  SANTA ROSA POLICE
    DEPARTMENT, CITY OF SANTA
11  ROSA, et al.,

12                 Defendants.

13  _____

14                         **REQUEST BEFORE THE COURT**

15         Before the Court are the following pleadings:

16         (1)  Defendants' Motions in Limine and Exhibits  [Docket Nos. 65-66];

17         (2)  Plaintiff's Motion in Limine to Exclude Evidence and Testimony of Extra Marital

18  Affairs [Docket No. 67];

19         (3)  Plaintiff's Motion in Limine to Exclude Evidence and Testimony of Carlos Fernandez'

20  Criminal Record [Docket Nol. 68]

21         (4)  Plaintiff's Motion in Limine to Exclude Evidence and Testimony of Carlos Fernandez'

22  Prior Drug Use and History [Docket No. 69];

23         (5)  Plaintiff's Motion in Limine to Exclude Evidence and Testimony of Nylon Stockings

24  [Docket No. 70];

25         (6)  Defendants' Objections to Plaintiff's Motions in Limine and Exhibits [Docket Nos. 71-

26  73];

27         (7)  Plaintiff's Opposition to Defendants' Motions in Limine [Docket No. 75];

28         (8)  Plaintiff's Second Motion to Continue Trial [Docket No. 76]; and

1    (9) Plaintiff's Motion for Leave to File Opposition to Defendants' Motions in Limine

2 [Docket No. 77].

3                                    **BACKGROUND**

4 **I. Factual background.**

5    This lawsuit arises from the death of Carlos Casillas-Fernandez ("Mr. Fernandez"), the

6 husband of plaintiff Karla Fernandez ("Mrs. Fernandez") and father of plaintiff Mauricio Fernandez

7 ("son"). On July 16, 2005, at about 1:00 a.m., the Santa Rosa Police Department dispatch received a

8 9-1-1 telephone call from a Spanish-speaking male. Mrs. Fernandez came on the line and identified

9 herself, in English, and told the 911 operator that her husband called 911. What else Mrs. Fernandez

10 told the 911 operator is disputed, with the exception that the parties agree that she informed dispatch

11 that her husband may be mentally ill, was acting paranoid,  and had a history of prior suicide

12 attempts. Mrs. Fernandez also informed dispatch that her husband might have taken some of her

13 diet pills, that he had also been drinking, that he thought she was trying to do something to him, and

14 that their 4 year-old son was asleep upstairs.

15    Defendants Santa Rosa police officers Matthew Sanchez ("Officer Sanchez") and Brian

16 Sinigiani ("Officer Sinigiani") were dispatched to the Fernandez residence. What ensued is mostly

17 disputed, but the parties agree that the officers tried to speak to Mr. Fernandez but he walked away

18 from them and into the kitchen.  The parties also agree that Mr. Fernandez grew more upset, one of

19 the officers tried to check his pupils but was unsuccessful, one officer managed to take his pulse.

20 The officers contend that Mr. Fernandez stated that he wanted to kill himself and talked about

21 people being "out to get him" and yelled and screamed in Spanish.  All the while, Mrs. Fernandez

22 was present while the officers were trying to communicate with Mr. Fernandez.

23    The officers told him he was under arrest (for being under the influence of a controlled

24 substance) and attempted to handcuff him.  At 1:26 a..m. Officer Sinigiani called for backup.  The

25 officers were unable to place Mr. Fernandez' hands behind his back and Officer Sanchez tried to

26 physically subdue him by applying pressure with his thumb to some part of Mr. Fernandez' body.

27 Officer Sanchez used his taser twice on Mr. Fernandez and also applied a "cartoid restraint."

28 Sometime during the tasing and the choke hold,  Mrs. Fernandez left the dining room and went

1   upstairs.  A struggle ensued.  Officer Sinigiani called for backup again at 1:31 a.m. and one officer,

2   James Griffin, arrived a minute later.   All three officers were involved in a struggle with Mr.

3   Fernandez and Officer Griffin used his taser 3 or 4 times.

4           Two more officers arrived within minutes – Officer Robert St. Pierre and Officer Dan Jones.

5   During this period of struggle, Officer Griffin used his taser again, Officer Sanchez sprayed Mr.

6   Fernandez with pepper spray, and three more cycles of taser were applied and Mr. Fernandez was

7   handcuffed.   At 1:40 a.m. the officers requested a medical team.  Shortly thereafter, Sgt. Gary Negri

8   arrived as the officers were putting Mr. Fernandez into soft leg restraints.  Mr. Fernandez had

9   stopped kicking and yelling by now.  His vital signs were checked, he appeared to have pulse and

10  breathing problems and CPR was administered.  The Santa Rose Fire Department arrived at 1:45

11  a.m., and an ambulance a few minutes later.  At 2:07 a.m. Mr. Fernandez was transported to the

12  hospital, admitted at 2:20 a.m., and pronounced dead at 2:44 a.m.

13  **II.  Procedural background**

14          On July 17, 2006, Plaintiffs filed a complaint against the City Defendants and Taser

15  International.  Only the City defendants remain in the lawsuit.  There are 3 causes of action: (1)

16  under Section 1983, allegations against individual officers for unlawful arrest and excessive force,

17  against the police department for deliberate indifference to the actions of the individual officers, and

18  against the City of Santa Rosa and the police department for failure to properly train officers; (2) a

19  state law wrongful death action; and (3) state law negligent hiring, training and supervision.

**ANALYSIS**

21  **I.  Plaintiff's Motion to Continue Trial**.

22          The Court GRANTS the Motion to Continue Trial. The trial, currently scheduled for November

23  3, 2008, is continued to April 27, 2009, and is set for 7-8 days.  The Court RESETS  the following

24  pretrial dates:

25          (1) The Pretrial Conference is scheduled for April 14, 2009, at 1:00 p.m.;

26          (2) Pretrial filing requirements are due on or before March 24, 2009, consistent with the new

27  Pretrial Conference;

28          (3) Motions in Limine and objections to evidence are due on or before March 31, 2009; and

responses to motions in limine and/or responses to objections to evidence are due on or before April 7, 2009.

The parties are ORDERED to comply with this Court's Standing Order No. 5, and meet and confer before filing any motion with this Court, and to certify that they have complied with this requirement.

**II.  Plaintiff's Motion for Leave to File Opposition to Defendants' Motions in Limine.**

The Court DENIES this motion as MOOT.  Plaintiffs filed an untimely opposition on eve of the Pretrial Conference, October 20, 2008, and failed to seek leave of this Court until October 21, 2008. The opposition was heard, nevertheless, at the Pretrial Conference on October 21, 2008.

**III.  Defendants' Motions in Limine ("MIL").**

**1.  Exclusion of Witnesses**.  The unopposed request is GRANTED.

**2.  Exclusion of Newspaper Articles, other Media Coverage of Statements and Testimony of Same**.  The unopposed request is GRANTED.

**3.  Exclusion of Claims or Lawsuits of Police Misconduct other than the Subject Incident**.

Defendants motion is hypothetical at this juncture in the case.  The plaintiffs have not identified any evidence of claims or lawsuits of police misconduct, primarily because Plaintiffs have not had access to police personnel files to date.  The parties stipulated to conditions and a protective order for the personnel files, and this Court entered the Order at the pretrial conference.  Accordingly, the Court DENIES WITHOUT PREJUDICE the motion in limine.

**4.  Exclusion of Statements Regarding Unrelated Cases**.

The basis for this motion to exclude evidence is the same as for Defendants' MIL No. 3.  The Court DENIES WITHOUT PREJUDICE this motion for the same reasons as it denies MIL No. 3.

**5.  Exclusion of Statements Regarding Complaints of Excessive Force.**

Again, the defendants' effort to exclude statements  regarding complaints of excessive force about Santa Rosa police officers is premature at this point.  At this moment, plaintiffs have no evidence, if such exists, due to the fact that they have been unable  to review the individual defendants' personnel files.  If such evidence is obtained and the plaintiffs intend to introduce it at trial, the Defendants would seek to exclude evidence of prior instances of use of force by individual

defendants on the basis that it is inadmissible character evidence.  Plaintiffs oppose the exclusion of

the evidence, should it exist, on the basis that it is relevant to their *Monell* claim against the Santa

Rosa Police Department and contend it would not be introduced for an inadmissible purpose against

the individual defendants.  Because this motion, like MIL No. 3 and MIL No. 4, is raised

prematurely, the Court DENIES WITHOUT PREJUDICE.

**6.  Liability Insurance/Wealth of the City**.  The is unopposed request is GRANTED.

**7.  Payment by City of Burial Expenses.**  The unopposed request  is GRANTED .

**8.  Loss of Society and Companionship.**

Defendants limit their objection to evidence produced by, or testimony by, Plaintiffs' expert

witness, forensic economist Robert W. Johnson to the subject of the value of human life.

Defendants correctly contend that Plaintiffs' damages claim for loss of care, companionship and

society is not amenable to expert testimony because it is a subjective, rather than objective, non-

economic loss.  Further, no witness is qualified to express a subjective opinion on the matter.

*Beagle v. Vasold*, 65 Cal. 2d 166, 172 (Cal. 1996).

Defendants have not deposed the expert witness although they intend to.  This MIL is

premature, as it is unclear for what purpose the evidence or testimony of Mr. Johnson would be

introduced.  In light of the fact that discovery has not concluded, and the trial date has been

continued for the completion of discovery, the Court  DENIES WITHOUT PREJUDICE this motion

in limine.

**9.  Officer Commendations/Evaluations.**

Like MIL Nos. 3-5, the Defendants ask the Court to allow the introduction of evidence they

believe the Plaintiff will seek to exclude.  No examples of such evidence have been offered.  Nor has

Plaintiff sought to exclude the hypothetical evidence.  Accordingly, the Court DENIES WITHOUT

PREJUDICE  the motion.

**IV.  Plaintiffs' Motions in Limine**

**1.  Exclude Evidence and Testimony of Extramarital Affairs.**  After the Court explained

its intention to divide the presentation of evidence into two phases – liability evidence first, followed

by damages evidence – the Defendants clarified that any evidence and testimony that relates to the

1   marital relationship would be offered during the damages phase of trial only.  Plaintiffs oppose its

2   introduction at the liability phase.  Accordingly, the Court GRANTS  the motion IN PART as to the

3   liability phase of the trial and DENIES the motion IN PART as to the damages phase of the trial.

4        **2. Exclude Evidence and Testimony of Carlos Fernandez' Prior Criminal Record.**

5        **3.  Exclude Evidence and Testimony of Carlos Fernandez' Prior Drug Use/History.**

6        MIL 2 and MIL 3 are closely related and  were discussed together at the Pretrial Conference.

7   Plaintiffs base these motions on a report that was produced by Defendant Santa Rose Police

8   Department entitled  "Critical Incident Report."  The report consists of  approximately 50 entries

9   relating to the decedent's criminal history, some of which overlaps with his drug use history.

10  Plaintiffs oppose the introduction of any criminal records or drug use and drug history as irrelevant,

11  highly prejudicial, and impermissible character evidence.

12       Defendants stated to the Court that of the 50 alleged incidents in the report, they were

13  inclined to admit only three.  Of those, defendants asserted they would certainly seek to admit

14  references to an  incident that occurred in November 2004, when the decedent was detained

15  following an attempted suicide and tested positive for methamphetamine and other drugs.

16  Defendants contend  this evidence is relevant to causation in the wrongful death claim and the Court

17  concurs.  Accordingly, the Court GRANTS  the plaintiffs' MIL No. 3 IN PART as to the liability

18  phase of the trial and DENIES the motion IN PART as to the damages phase of the trial.

19       Defendants also argue that criminal history evidence is relevant to the issue of damages, to

20  the extent that it relates to decedent's absence from the workplace.  Accordingly, the Court

21  GRANTS the plaintiffs' MIL No. 2 IN PART as to the liability phase of the trial and DENIES the

22  motion IN PART as to the damages phase of the trial.

23       **4.  Exclude Evidence and Testimony of Nylon Stocking.**

24       Plaintiffs contend that testimony about a nylon stocking tied around the decedent's genitalia

25  is irrelevant and would serve to distract the jury from the main issues.  Defendants argue the

26  presence of the nylon stocking  is relevant to the issue of liability because the physical state of the

27  decedent's genitalia, post-incident, provides some circumstantial evidence of the degree of force, or

28  lack thereof, that was exerted on him during the struggle with the officers.  The Court DENIES the

1  motion.

2  **CONCLUSION**

3      Accordingly, with regard to:

4      (A)    Defendants' Motions in Limine [Docket No. 65]:

5          (1)    The Court GRANTS the motion for Exclusion of Witnesses;

6          (2)    The Court GRANTS the motion for Exclusion of Newspaper Articles, other

7  Media Coverage of Statements and Testimony of Same;

8          (3)    The Court DENIES WITHOUT PREJUDICE the motion for Exclusion of

9  Claims or Lawsuits of Police Misconduct other than the Subject Incident; .

10          (4)    The Court DENIES WITHOUT PREJUDICE the motion for Exclusion of

11  Statements Regarding Unrelated Cases;

12          (5)    The Court DENIES WITHOUT PREJUDICE the motion for Exclusion of

13  Statements Regarding Complaints of Excessive Force;

14          (6)    The Court GRANTS the motion for Exclusion of Liability Insurance/Wealth

15  of the City;

16          (7)    The Court GRANTS the motion for Exclusion of Payment by City of Burial

17  Expenses;

18          (8)    The Court DENIES WITHOUT PREJUDICE the motion for Exclusion of

19  evidence or testimony by Expert Witness Robert Johnson as to Loss of Society and Companionship;

20          (9)    The Court  DENIES WITHOUT PREJUDICE the motion to prevent the

21  exclusion of Officer Commendations/Evaluations;

22      (B)    the Court GRANTS IN PART, as to the liability portion of trial, and DENIES IN

23  PART, as to the damages portion of trial, the Plaintiffs' Motion in Limine to Exclude Evidence and

24  Testimony of Extramarital Affairs [Docket No. 67];

25      (C)    the Court GRANTS IN PART, as to the liability portion of trial, and DENIES IN

26  PART, as to the damages portion of trial, the Plaintiffs' Motion in Limine to Exclude Evidence and

27  Testimony of Carlos Fernandez' Prior Criminal Record [Docket No. 68];

28      (D)    the Court GRANTS IN PART, as to the liability portion of trial, and DENIES IN

PART, as to the damages portion of trial, the Plaintiffs' Motion in Limine to Exclude Evidence and

Testimony of Carlos Fernandez' Prior Drug Use/History [Docket No. 69],;

(E)     the Court DENIES the Plaintiffs' Motion in Limine to Exclude Evidence and

Testimony of Nylon Stocking [Docket No. 70];

(F)     the Court GRANTS the Motion to Continue the Trial; and

(G)     the Court DENIES AS MOOT the Plaintiffs' Motion for Leave to file Opposition.


IT IS SO ORDERED.

October 27, 2008                        _____
                                        Saundra Brown Armstrong
                                        United States District Judge